

FILED

JUN 2 6 2019

Clerk, U.S District Court
District Of Montana
Great Falls

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-51-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| HIRAM DEAN BIRD, | |
| Defendant. | |

## I. Synopsis

Defendant Hiram Dean Bird (Bird) has been accused of violating the conditions of his supervised release. The government proved the alleged violation. Bird's supervised release should be revoked. Bird should be placed in custody for 5 months, with 39 months of supervised release to follow.

## II. Status

Bird pleaded guilty to Sexual Abuse of a Minor on September 9, 2014. (Doc. 21). The Court sentenced Bird to 24 months and 2 days of custody, followed by 5 years of supervised release. (Doc. 26). Bird's current term of supervised release began on April 9, 2019. (Doc. 77).

**Petition**

The United States Probation Office filed a Petition on May 22, 2019, requesting that the Court revoke Bird's supervised release. (Doc. 77). The Petition alleged that Bird violated the conditions of his supervised release by failing to complete his 60-day substance abuse treatment program at Connections Corrections in Warm Springs, Montana.

**Initial appearance**

Bird appeared before the undersigned for his initial appearance on June 5, 2019. Bird was represented by counsel. Bird stated that he had read the Petition and that he understood the allegations. Bird waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 25, 2019. The government proved that Bird had violated the conditions of his supervised release by failing to complete his 60-day substance abuse treatment program at Connections Corrections. The violation is serious and warrants revocation of Bird's supervised release.

Bird's violation is Grade C violation. Bird's criminal history category is III.

Bird's underlying offense is a Class C felony. Bird could be incarcerated for up to 24 months. Bird could be ordered to remain on supervised release for up to 44 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Bird's supervised release should be revoked. Bird should be incarcerated for 5 months, with 39 months of supervised release to follow. The supervised release conditions imposed previously should be continued, with exception of the supervised release requiring substance abuse treatment at Connections Corrections. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Bird that the above sentence would be recommended to Judge Morris. The Court also informed Bird of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bird that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bird stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

3

The Court **FINDS:**

That Hiram Dean Bird violated the conditions of his supervised release by failing to complete his 60-day substance abuse treatment program at Connections Corrections.

The Court **RECOMMENDS:**

That the District Court revoke Bird's supervised release and commit him to the custody of the United States Bureau of Prisons for 5 months, with 39 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of June, 2019.

John Johnston
United States Magistrate Judge